Arthur Markewich, J.
Plaintiff moves for summary judgment. The action is upon a note representing advances which the plaintiff had made to the defendant. Similar advances had *819 been made by the two remaining stockholders, officers and directors of the defendant. There is a dispute whether the advances Avere made as capital contributions or as loans. They were carried on the books of account of the defendant as loans, as stated, for tax purposes only. Three notes were issued respectively to the three stockholders, officers and directors, including plaintiff’s note in suit, at a time when the defendant sought a loan from a bank. The latter required that the financial structure of the corporation should be clarified, in order to secure the loan, by the preparation of the notes in question and a subordination agreement which would subordinate the payment by the defendant of its obligations as represented by such notes to the payment of the bank loan.
Heretofore plaintiff instituted an action against the defendant in which the latter obtained judgment on motion pursuant to rule 113 of the Rules of Civil Practice dismissing the complaint. It was there contended that the action was premature by reason of the fact that the notes in question still remained in the possession of the bank and that the note issued in favor of the plaintiff could not be paid by the defendant until the bank loan was paid. There Avas a dismissal on that ground. Plaintiff now urges that by virtue of such dismissal there Avas a necessary finding and conclusion of law that the subordination agreement Avas valid and the prior determination is res judicata and, in addition, the defendant may not noAv urge that the note is not payable if it will result in impairment of the capital account of the defendant. While the subordination agreement made for the purpose of securing the bank loan was and is valid as to the bank and so long as the latter held the notes in question the payee could not recover thereon, yet the purpose of the agreement and of the note as claimed by the defendant may be urged and the former judgment is not a bar. It was enough for the dismissal of the complaint in the prior action that the defendant urged prematurity upon the ground of the subordination agreement. Nothing urged by the defendant here will reduce or cut doAvn the effect of the prior adjudication. It is not that the defendant urges an alteration of the tenor of the note but rather it is his contention that the note was not in fact at any time uttered and delivered.
Triable issues are raised, and the motion is denied.